Schwenger v New York Univ. (2019 NY Slip Op 00076)





Schwenger v New York Univ.


2019 NY Slip Op 00076


Decided on January 8, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2019

Renwick, J.P., Manzanet-Daniels, Tom, Mazzarelli, Webber, JJ.


114525/03 8045 8044

[*1]Paul Schwenger, Plaintiff-Appellant,
v
New York University, et al., Defendants-Respondents.


Stewart Lee Karlin Law Group, P.C., New York (Stewart Lee Karlin of counsel), for appellant.
Marshall Dennehey Warner Coleman & Goggin, P.C., Melville (Michael P. Kelly of counsel), for respondents.



Order, Supreme Court, New York County (Joan A. Madden, J.), entered May 8, 2017, which, to the extent appealed from, as limited by the briefs, denied plaintiff's motion for leave to amend the complaint to assert causes of action under Labor Law §§ 740 and 741, the New York State Human Rights Law, and the New York City Human Rights Law; and order, same court and Justice, entered April 10, 2018, which, to the extent appealed from, granted leave to reargue the denial of plaintiff's motion to amend and, upon reargument, adhered to its prior determination, unanimously affirmed, without costs.
Plaintiff sought leave to amend the complaint on August 22, 2016, more than 13 years after he commenced this action. Plaintiff was put on notice that his causes of action hinged on whether an employer-employee relationship existed between him and defendants, at the latest, when defendants answered his amended complaint in December 2003 asserting Workers' Compensation Law as an affirmative defense and admitting that plaintiff was an employee. Discovery proceeded in this action for over 2½ years, until August 2003, when the case was stayed pending the Workers' Compensation Board's (WCB) determination. On the motion for leave to amend, plaintiff provided no explanation as to why he did not move to amend before the case was stayed to assert his proposed causes of action as alternative legal theories. In reply on his motion for leave to renew and reargue, plaintiff broadly argued, for the first time, that "many of the facts which underlie the employment based claims ... did not become apparent to Plaintiff until after the hearings before the [WCB]" (emphasis in original]). But plaintiff has not identified which specific facts were unknown to him prior to the WCB hearings. Accordingly, the motion court properly denied plaintiff's motion for leave to amend on the ground that plaintiff failed to articulate a reasonable excuse for his delay and, upon reargument, properly adhered to that determination (Heller v Louis Provenzano, Inc. , 303 AD2d 20, 24 [1st Dept 2003]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 8, 2019
CLERK